**cv 10 - 4449**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
LONG ISLAND DIVISION

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E.D.

★ SEP 29 2010 ★

BROOKLYN OFFICE

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. _____ |
| | ) | |
| v. | ) | **COMPLAINT** |
| | ) | |
| KLD LABS, INC., | ) | **JURY TRIAL DEMANDED** |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

SPATT, J.

WALL, M.J.

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex, and to provide appropriate relief to Jennifer Clark who was adversely affected by such practices. As alleged with greater particularity in paragraph 7 below, the Equal Employment Opportunity Commission alleges that Defendant KLD Labs, Inc. ("KLD Labs") discriminated against Ms. Clark because of her pregnancy when it rescinded its offer of employment when it found out she was pregnant.

## JURISDICTION AND VENUE

1.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.    The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of New York.

## PARTIES

3.      Plaintiff, the Equal Employment Opportunity Commission, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.      At all relevant times, KLD Labs has continuously been a New York corporation doing business in the State of New York and the Hamlet of Huntington Station, and has continuously had at least 15 employees.

5.      At all relevant times, KLD Labs has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6.      More than thirty days prior to the institution of this lawsuit, Jennifer Clark filed a charge with the Commission alleging violations of Title VII by Defendant KLD Labs. All conditions precedent to the institution of this lawsuit have been fulfilled.

7.      Since at least July 23, 2008, KLD Labs engaged in an unlawful employment practice at its Huntington, New York office in violation of Section 703 of Title VII, 42 U.S.C. § 2000e-2. This practice includes but is not limited to:

    (a)  KLD Labs used a staffing firm to fill an administrative assistant position.

    (b)  The Staffing firm provided Ms. Clark as a candidate for the position.

    (c)  At the time Ms. Clark had approximately eight years of experience as an administrative assistant.

    (d)  After KLD Labs interviewed Ms. Clark, it contacted the staffing firm to extend a job offer to Ms. Clark.

2

(e) After the staffing firm contacted Ms. Clark, Ms. Clark called KLD Labs. She informed KLD Labs that she accepted the job and a start date was agreed upon. Ms. Clark then informed KLD Labs that she was pregnant and due to give birth jn February 2009 and that she would return to work shortly after the baby was born.

(f) After this conversation KLD Labs called the staffing firm to rescind the offer to Ms. Clark because she was pregnant.

(g) The staffing firm advised KLD Labs that rejecting a candidate because she was pregnant was a potential violation of law.

(h) The staffing firm then called Ms. Clark to inform her that KLD Labs had rescinded the offer because Ms. Clark was pregnant.

(i) KLD Labs hired another woman for the job who was not pregnant.

8.    The effect of the practice complained of in paragraph 7 above has been to deprive Ms. Clark of equal employment opportunities and otherwise adversely affect her status as an applicant for employment, because of her sex.

9.    The unlawful employment practices complained of in paragraph 7 above were intentional.

10.    The unlawful employment practices complained of in paragraph 7 above were done with malice and/or with reckless indifference to the federally protected rights of Clark.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.    Grant a permanent injunction enjoining Defendant KLD Labs, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in sex discrimination.

B.    Order Defendant KLD Labs to institute and carry out policies, practices, and programs which provide equal employment opportunities for women, and which eradicate the effects of its past and present unlawful employment practices.

3

     C.     Order Defendant KLD Labs to make whole Ms. Clark, by providing appropriate

backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative

relief necessary to eradicate the effects of its unlawful employment practices, including but not

limited to instatement of Clark.

     D.     Order Defendant KLD Labs to make whole Ms. Clark, by providing

compensation for past and future pecuniary losses resulting from the unlawful employment

practices described in paragraphs 7 above, including job search expenses, in amounts to be

determined at trial.

     E.     Order Defendant KLD Labs to make whole Ms. Clark by providing compensation

for past and future nonpecuniary losses resulting from the unlawful practices complained of in

paragraph 7 above, including such as emotional pain, suffering, inconvenience, loss of enjoyment

of life, and humiliation, in amounts to be determined at trial.

     F.     Order Defendant KLD Labs to pay Ms. Clark punitive damages for its malicious

and/or reckless conduct described in paragraph 7 above, in amounts to be determined at trial.

     G.     Grant such further relief as the Court deems necessary and proper in the public

interest.

     H.     Award the Commission its costs of this action.

4

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

P. David Lopez
General Counsel

James Lee
Deputy General Counsel

Gwendolyn Reams
Associate General Counsel

Elizabeth Grossman
Regional Attorney

Nora E. Curtin
Supervisory Trial Attorney

Adela Santos
Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
New York District Office
33 Whitehall Street, 5th Floor
New York, NY  10004-2112
(212) 336-3695
(212) 336-3623 (fax)
adela.santos@eeoc.gov

5