UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

          Plaintiff,

v.

KLD LABS, INC.,

          Defendant.

---

No. 10-CV-4449 (ADS) (WDW)

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ JUL 30 2011 ★

LONG ISLAND OFFICE

## CONSENT DECREE

Plaintiff Equal Employment Opportunity Commission, an agency of the United States Government, initiated this action on September 29, 2010 alleging that KLD Labs, Inc. ("KLD" or "Defendant") violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e and Title I of the Civil Rights Act of 1991 ("Title VII"). EEOC alleged that KLD discriminated against Jennifer Clark based on sex and pregnancy when it refused to hire her because she was pregnant.

EEOC and Defendant desire to settle this action and therefore do hereby stipulate and consent to the entry of this Consent Decree (the "Decree") as final and binding between the parties, and Defendant's parent organizations, successors, assigns, subsidiaries, affiliates, and any other corporation or other entity into which Defendant may merge or with which Defendant may consolidate. The terms of this Decree represent the full and complete agreement of the parties. The parties have agreed that this Decree may be entered into without findings of fact and conclusions of law having been made and entered by the Court. Defendant's agreement to this Decree does not constitute an admission of liability.

In consideration of the mutual promises of each party to this Decree, the sufficiency of which is hereby acknowledged, the parties agree as follows, and the Court finds appropriate, and it is therefore ORDERED, ADJUDGED AND DECREED that:

1. This Decree resolves all issues in EEOC's Complaint in this case and all issues raised in EEOC Charge Number 524-2008-01441, which served as the jurisdictional prerequisite in this case. This Decree does not resolve any charge of discrimination currently pending before EEOC, or any charge that may be filed in the future, other than the charge listed above. EEOC reserves all rights to proceed regarding matters not covered in this Decree.

2. The Court has jurisdiction of the subject matter of this action and over the parties, venue is proper, and all administrative prerequisites have been met.

3. Defendant will not contest the validity of this Decree.

4. The Court will retain jurisdiction to enforce this Decree.

5. Defendant will not contest the jurisdiction of the United States District Court to enforce this Decree and its terms, or EEOC's authority to bring an enforcement action upon the breach of any term of this Decree by Defendant.

6. All time frames and deadlines provided in this Decree will be calculated in calendar days.

7. Before any merger, sale, consolidation, transfer of ownership, or corporate reorganization, Defendant will provide written notice of this lawsuit and a copy of the Complaint and this Decree to any potential purchaser of Defendant's business, or a purchaser of all or a portion of Defendant's assets, and to any other potential purchaser, successor, assign, subsidiary, affiliate, or any other corporation or other entity with which Defendant may merge or consolidate. Defendant will provide written notice to EEOC 21 days before any sale, assignment, succession, acquisition, merger, reorganization, or consolidation affecting Defendant.

A. **INJUNCTION AGAINST DISCRIMINATION AND RETALIATION**

8. Defendant and its managers, officers, agents, parent organizations, successors, assigns, subsidiaries, affiliates, and any other corporation or other entity into which Defendant may merge or with which Defendant may consolidate are enjoined from discriminating against

2

Defendant's employees on the basis of sex and/or pregnancy, and from refusing to hire or otherwise discriminating against applicants for employment on the basis of sex and/or pregnancy.

9. Defendant and its managers, officers, agents, parent organizations, successors, assigns, subsidiaries, affiliates, and any other corporation or other entity into which Defendant may merge or with which Defendant may consolidate are enjoined from retaliating against any individual for asserting her or his rights under Title VII or otherwise engaging in protected activity, such as by complaining of discrimination, opposing discrimination, filing a charge, or giving testimony or assistance with an investigation or litigation, including but not limited to the investigation of Ms. Clark's EEOC charge or the litigation of this action.

### B. WRITTEN POLICIES AND POSTED NOTICES

10. Within 7 days of the entry of this Decree, Defendant will distribute to all current employees an anti-discrimination policy which includes a prohibition on pregnancy discrimination, outlines a procedure for filing complaints, and identifies the individual with whom complaints should be filed (the "Policy"). Steven Magnus has been approved by EEOC as the employee charged with receiving, investigating, and resolving discrimination complaints. The Policy will include a statement by Defendant's President emphasizing Defendant's commitment to abide by all laws prohibiting employment discrimination, including laws prohibiting pregnancy discrimination.

11. Defendant agrees that at the time each employee receives a written copy of the Policy, Steven Magnus will review the policy with the employee, particularly the process for making complaints, and will answer any questions the employee has about the Policy. For employees hired throughout the duration of this Decree, this process will be conducted at the time of hire. Defendant will redistribute the Policy to all employees annually on the anniversary date of the entry of this Decree. A copy of the Policy is attached as Appendix A.

12. Defendant agrees that all statements of equal employment opportunity printed on employment applications and other personnel materials will specify that non-discrimination on the basis of sex includes non-discrimination on the basis of pregnancy.

13. Within 7 days of the entry of this Decree, Defendant will send EEOC written verification that Defendant has distributed the Policy to all of its employees in the manner outlined in this Decree, as well as a list of those employees and the date(s) on which they received the Policy, and that all statements of equal opportunity printed on employment applications and other personnel materials have been revised as described above. Annually, on the anniversary date of the entry of this Decree, Defendant will send EEOC written verification that the Policy has been given to all new employees and redistributed annually to all employees in the manner outlined in this Decree, as well those employees' signatures and the date(s) on which they received the Policy.

14. Within 7 days of the entry of this Decree, Defendant will post EEO posters where all employee notices are posted, as required by federal regulations.

15. Within 7 days of the entry of this Decree, Defendant will post where all employee notices are posted a copy of the Policy attached as Appendix A.

16. Within 7 days of the entry of this Decree, Defendant will post where all employee notices are posted a remedial Notice under to this Decree, a copy of which is attached as Appendix B, printed on EEOC letterhead.

17. Defendant will send a copy of the remedial Notice to any third party entity that Defendant utilizes to conduct personnel searches throughout the duration of this Decree.

18. Within 10 days of the entry of this Decree, Defendant will send written verification to EEOC that the EEO poster, the Policy, and the remedial Notice have been posted as required by this Decree. Annually, on the anniversary date of the entry of this Decree, Defendant will send EEOC written verification that the documents still are posted and have been distributed as required by this Decree.

### C. TRAINING

19. Within 28 days of the entry of this Decree, and then again annually thereafter, within 28 days of the anniversary date of the entry of this Decree and for the duration of this Decree Defendant will provide all supervisory and management employees with no fewer than 2 hours of training on federal laws prohibiting discrimination in employment, with a special emphasis on laws prohibiting discrimination on the basis of pregnancy, as well as training on Defendant's Policy. Newly hired or promoted supervisory and management employees will be given the training within 7 days after starting in the position.

20. Within 28 days of the entry of this Decree, and then again annually thereafter, within 28 days of the anniversary date of the entry of this Decree and for the duration of this Decree Defendant will provide Steven Magnus with no fewer than 4 hours of training in the proper steps to follow in conducting prompt and thorough investigation and resolution of discrimination complaints, as well as short timelines for each step. The training will cover how to make credibility assessments, keep proper records of interviews and other investigatory activities provide regular updates on the progress of the investigation to the complainant, and reach a timely conclusion that also is conveyed to the complainant.

21. Within 28 days of the entry of the Decree, Defendant will provide 1 hour of one-on-one remedial anti-discrimination counseling for Dan Magnus ("Magnus"). The counseling will address Magnus' actions in relying on Clark's pregnancy in denying her employment, Defendant's obligations under the Decree, and Defendant's liability including contempt of court if the Decree is violated. Magnus also will receive the training for supervisors and managers described above.

22. All of the training described in this Section must meet the following criteria:

    a. The training will be conducted by Barbara DeMatteo of Portnoy Messinger Pearl & Associates, Inc., who is skilled in providing this training.

    b. The content of the training is set forth in Appendix C.

   c. Defendant will maintain attendance records identifying in legible form the name and job title of the attendees at each session and also containing the signature of each attendee, as well as copies of all training materials presented. Within 7 days of each training session, Defendant will provide to EEOC a copy of the attendance records and the training materials from the training session.

**D. MONETARY RELIEF**

23. Within 14 days of the entry of this Decree, Defendant will pay a total of $95,000 to Jennifer Clark, or her heirs and assigns in the event of her death, in the form of two checks as follows: (1) a check in the amount of $45,000 representing backpay for which Defendant will detail all legal withholdings in a W-2 statement; and (2) a check in the amount of $50,000 representing compensatory damages from which Defendant will make no deductions and for which Defendant will issue a 1099 form.

Ms. Clark will provide Defendant with completed W-4 and W-9 forms. Defendant will make applicable withholdings from the backpay award for federal, state, and local income taxes, and for employee Social Security taxes pursuant to the Federal Insurance Contribution Act ("FICA"), and Defendant will be responsible for paying its employer share of any costs, taxes, or Social Security required by law to be paid by Defendant. Ms. Clark's backpay check will be accompanied by a statement detailing all deductions made by Defendant. The checks will be mailed by certified mail to Jennifer Clark at an address to be provided by EEOC.

**E. LETTER OF APOLOGY**

24. Within 14 days of the entry of the Decree, Defendant will provide Clark with a Letter of Apology on Defendant's letterhead acknowledging the harm she experienced, as stated in Appendix D. The letter will be signed by Dan Magnus.

F. **ADDITIONAL MONITORING PROVISIONS**

25. EEOC may monitor compliance of this Decree by unannounced inspection of Defendant's premises, records, and interviews with employees.

26. All materials required by this Decree to be sent to EEOC will be sent by first class mail addressed to Consent Decree Monitor, Equal Employment Opportunity Commission, New York District Office, 33 Whitehall St., 5th Floor, New York, New York 10004, or will be sent by email to Consent Decree Monitor at consentdecreemonitor@eeoc.gov.

G. **DURATION AND RETENTION OF JURISDICTION**

27. This Decree will remain in effect for 3 years from the date of entry. This Decree will not expire while any enforcement action concerning this Decree is pending. This case may be administratively closed but will not be dismissed. The Court retains jurisdiction to enforce the decree. The Decree will expire by its own terms at the end of that period, without further action required by the parties or the Court, unless the duration of this Decree has been extended or an enforcement action is pending.

SO ORDERED, ADJUDGED AND DECREED this ___30th___ day of ~~August~~ July, 2011.

*Case Closed*

_____
U.S. District Court Judge, Arthur D. Spatt

APPROVED IN FORM AND CONTENT:

FOR PLAINTIFF EQUAL
EMPLOYMENT OPPORTUNITY
COMMISSION

*(signature)*

Elizabeth Grossman
Regional Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
New York District Office
33 Whitehall St., 5th Floor
New York, NY 10004
Phone: (212) 336-3705
Fax:   (212) 336-3696

DATED: 7/26/11

FOR DEFENDANT

*(signature)*

Steven A. Magnus
President
KLD Labs, Inc.
300 Broadway
Huntington Station, NY 11746

DATED: 7/27/2011

*(signature)*

Alan Pearl
6800 Jericho Turnpike
Suite 218E
Syosset, NY 11791
Phone: (516) 921-6645
Fax:   (516) 921-6774

DATED: 7/27/11

8